UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on August 1, 2024

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| v. | : | VIOLATIONS: |
| LAMAR REDFIELD, | : | 18 U.S.C. §§ 922(g)(1) & 3147(1) |
| | : | (Unlawful Possession of a Firearm and |
| Defendant. | : | Ammunition by a Person Convicted of a |
| | : | Crime Punishable by Imprisonment for a |
| | : | Term Exceeding One Year; Penalty for |
| | : | an Offense Committed While on Release) |
| | : | FORFEITURE: 18 U.S.C. § 924(d), |
| | : | 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c) |

**INDICTMENT**

The Grand Jury charges that:

**COUNT ONE**

On or about October 21, 2024, within the District of Columbia, the defendant, **LAMAR REDFIELD**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court of the District of Columbia, case number 2014 CF2 006124, did unlawfully and knowingly receive and possess a firearm, that is, a Glock 17 9-millimeter semi-automatic pistol, and did unlawfully and knowingly receive and possess ammunition, that is 9-millimeter ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

At the time of said offense, the defendant, **LAMAR REDFIELD**, was on pretrial release pursuant to an Order Setting Conditions of Release dated May 23, 2024, and modified August 6, 2024, and October 8, 2024, from the United States District Court for the District of Columbia, case number 24-CR-34 (LLA), which orders notified said defendant of the potential effect of

committing an offense while on pretrial release.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year and Penalty for an Offense Committed While on Release**, in violation of Title 18, United States Code, Sections 922(g)(1) and 3147(1))

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense, including but not limited to a Glock 17 9-millimeter semi-automatic pistol and 9-millimeter ammunition.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with, a third party;
(c) has been placed beyond the jurisdiction of the Court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

**(Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c))

A TRUE BILL:

FOREPERSON

*[signature]*
Attorney of the United States in
and for the District of Columbia.